IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARY JORDAN,

    **Plaintiff,**

    v.                                CASE NO. 18-3236-SAC

UNITED STATES ATTORNEY'S
OFFICE, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Gary Jordan is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be stayed pending further order of the Court.

**I. Nature of the Matter before the Court**

Plaintiff filed this *pro se* civil rights case under 28 U.S.C. § 1331 on September 10, 2018. On September 12, 2018, the Court entered a Notice of Deficiency (Doc. 2) granting Plaintiff until October 12, 2018, in which to submit his Complaint on court-approved forms. *See* D. Kan. Rule 9.1(a). The proper forms were provided to Plaintiff with the Notice of Deficiency. On October 15, 2018, Plaintiff filed a motion for an extension of time to submit his complaint on court-approved forms. (Doc. 4.) The Court granted the motion and extended Plaintiff's deadline to November 19, 2018. (Doc. 5.) On November 15, 2018, Plaintiff filed another motion for extension of time (Doc. 6) and the Court granted him a further extension to December 19, 2018. (Doc. 7.) On February 22, 2019, the Court entered an Order to Show Cause (Doc. 10) granting Plaintiff until March 15, 2019, in which to show good cause why this action should not be dismissed for failure to comply with court orders. Plaintiff filed another motion for extension of time (Doc. 11), seeking

an extension of time to respond to the Court's Order to Show Cause. The Court entered an Order (Doc. 12) granting Plaintiff an extension of time to March 29, 2019. On April 1, 2019, Plaintiff filed his Complaint on the court-approved form (Doc. 14). In the Complaint, Plaintiff asserts "that he will probably be filing an amendment under Rule 15(c)." (Doc. 14, at 12.) To date, Plaintiff has not filed an amendment to his Complaint.

Plaintiff alleges in his Complaint that he was arrested around March 10, 2016, and was held as a federal pretrial detainee at Corrections Corporation of America in Leavenworth, Kansas ("CCA"), now CoreCivic. Plaintiff alleges that his defense counsel arranged for visits with Plaintiff based on an alleged court order for incompetency interviews, and told Plaintiff that the interviews would be completely confidential. Plaintiff alleges that he was recently informed that the interviews were recorded and videotaped in violation of his constitutional rights. Plaintiff alleges that during one of his attorney-client visits with defense counsel he became upset, and out of frustration he threw some documents from the table onto the floor. Plaintiff then got up from his seat and turned toward the visiting room door so he could bang on the door to call staff because he wanted to end the visit. Plaintiff alleges that before he could even reach the door, correctional staff were rushing through the doors and placing handcuffs on Plaintiff. Plaintiff recently discovered that all of his attorney-client visits were being monitored, recorded and videotaped, without his knowledge or consent. Plaintiff believes that the visits occurred between February 20, 2016, and May 16, 2016. Plaintiff alleges that the U.S. Attorney's Office in Kansas City acquired the videos, maintained them in the Kansas City office and distributed them to their agents.

Plaintiff names as defendants multiple attorneys with the U.S. Attorney's Office and the Public Defender's Office, arguing that they conspired with state actors. Plaintiff's request for

relief includes declaratory and injunctive relief. Plaintiff seeks an order directing defendants to turn over to Plaintiff:

> Any statements, affidavits, memorandums/memos, reports, notes and any other documentations in their possession or the possession of their agency or any other agencies, such as law enforcement officer(s), prosecutor(s), etc., that have knowledge of [sic] should have possession of anything requested herein surrounding the f/k/a scandal abuse at the Corecivic, Inc., Corrections.

(Doc. 14, at 12.) Plaintiff states that he "is unable at this time to determine what type of money damages if any he should seek because the name Defendant(s) herein are attempting to continue to keep him completely in the dark about this critical information that would further support his civil rights complaint." *Id*. Plaintiff also asserts "that he will probably be filing an amendment under Rule 15(c)." *Id*.

The Court takes judicial notice that on January 11, 2019, Plaintiff filed a Motion to Vacate and Discharge with Prejudice Under 28 U.S.C. § 2255 in his federal criminal case. *See Jordan v. United States*, Case No. 16-cr-20022-JAR-2, Doc. 159 (D. Kan.). Plaintiff is represented in his § 2255 motion by the Federal Public Defender and First Assistant Federal Public Defender for the District of Kansas. The § 2255 motion is based on the attorney-client recordings while Plaintiff was housed at CCA. The motion refers to the *Black* case, where: all local detention facilities were ordered to cease recording attorney-client meeting and phone calls; all video and audio recordings in USAO custody were ordered impounded; and the government was ordered to preserve its computer hard drives. *Id*. (citing *United States v. Black, et. al*, Case No. 16-20032-JAR). Plaintiff's § 2255 motion argues that his Sixth Amendment right to confidential attorney-client communications was violated, and seeks to vacate Petitioner's judgment, with immediate discharge and prejudice to any further prosecution. In the alternative, Petitioner asks this Court to

vacate Petitioner's sentence, and impose a new sentence of 180 months' imprisonment. *Id*. The government's response to the motion is due July 29, 2019. *Id*. at Doc. 180.

The Court also notes that there is a pending civil case based on the recordings at CCA. In *Huff v. CoreCivic*, plaintiffs are suing CoreCivic, Inc., formerly known as Corrections Corporation of America, and Securus Technologies, Inc., individually and on behalf of all others similarly situated. *See Huff v. CoreCivic*, Case No. 17-2320-JAR-JPO (D. Kan.). A motion for class certification in that case is currently due August 29, 2019. *Id*. at Doc. 134, p.2. Plaintiffs are seeking the benefits provided under the Federal Wiretap Act, codified at 18 U.S.C. § 2511, *et seq.*, claiming they are entitled to monetary damages. *Id*. at Doc. 1, p. 10.

It appears as though the injunctive and declaratory relief Plaintiff currently seeks in this civil rights action may be obtained pursuant to his pending § 2255 motion. Although Plaintiff does not currently seek monetary damages in this civil rights case, it is unclear at this juncture whether Plaintiff may be a member of any class that is ultimately certified in the *Huff* case. Therefore, Plaintiff is directed to show good cause why this civil rights action should not be stayed pending resolution of his § 2255 motion and class certification determinations in the *Huff* case.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **August 16, 2019,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be stayed until further order of the Court for the reasons set forth herein.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 23rd day of July, 2019.**
<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**